J-S42026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD LEE WHITE | |
| Appellant | No. 1539 WDA 2015 |

Appeal from the Judgment of Sentence July 23, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000317-2015

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                          **FILED JUNE 07, 2016**

Richard Lee White appeals from the judgment of sentence entered July 23, 2015, in the Erie County Court of Common Pleas, made final by denial of post-sentence motions on September 11, 2015. The court sentenced White *in absentia* to a term of 11 to 23 months' imprisonment following his guilty plea to one count of simple assault.[1]  Contemporaneous with this appeal, White's counsel has filed a petition to withdraw from representation and an ***Anders*** brief. ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). Counsel's ***Anders*** brief challenges the discretionary aspects of White's sentence. For

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

the reasons set forth below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant factual and procedural history is as follows. On September 24, 2014, a confrontation occurred between White and the victim, John Winters, during which White punched Winters in the head. On June 1, 2015, White entered an open guilty plea to one count of simple assault. In exchange for the plea, the Commonwealth agreed to *nolle pros* other charges pending against him. As noted above, White was sentenced *in absentia* on July 23, 2015, to a term of 11 to 23 months' incarceration.[2]

On July 31, 2015, White filed a motion to reconsider sentence, contending that his age, employment, fatherhood status, and drug, alcohol and mental health needs qualified him for probation or a restrictive intermediate punishment sentence. *See* Motion to Reconsider Sentence, 7/23/2015, at ¶ 3. The trial court denied the motion on September 11, 2015, but granted him work release eligibility after 90 days' incarceration.

---

[2] At the sentencing hearing, the Commonwealth presented the testimony of Christina Davis, with whom White lived. She testified that White spent the previous night with one of his coworkers, and when she went to his job in the morning to pick him up and bring him to the hearing, he was not there. N.T., 7/23/2015 at 2-3.

This timely appeal followed.[3, 4]

When direct appeal counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny.[5] Our review of the record reveals no additional correspondence from White. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The only issue in the **Anders** brief presents a general challenge to the discretionary aspects of White's sentence.[6] "A challenge to the discretionary

_____

[3] On October 6, 2015, the trial court ordered White to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). White complied with the trial court's directive, and filed a concise statement on October 26, 2015.

[4] On March 31, 2016, the Commonwealth sent a letter to this Court, indicating that it would not file a responsive brief in this appeal.

[5] Specifically, counsel (1) filed a petition for leave to withdraw, in which she states her belief that appeal is meritless; (2) filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); and (3) furnished a copy of the **Anders** brief to White and advised White of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000). Counsel stated in her petition to withdraw, as well as in her letter to White and in the **Anders** brief, that any appeal would be frivolous.

[6] "Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion."
*(Footnote Continued Next Page)*

aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) Whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, White filed a timely post-sentence motion challenging the discretionary aspects of his sentence, as well as a timely notice of appeal. The ***Anders*** brief includes the requisite statement, pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal. Therefore, we may proceed to determine whether White has set forth a substantial question that his sentence is inappropriate under the Sentencing Code. ***See Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003).

A substantial question exists when an appellant sets forth a "colorable argument that the sentence imposed is either inconsistent with a specific

_____
*(Footnote Continued)* _____

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Bentura*, 975 A.2d 1128, 1133 (Pa. Super. 2009). The *Anders* brief sets forth a claim that White's sentence was manifestly excessive, clearly unreasonable, and inconsistent with the objections of the Pennsylvania Sentencing Code because "the objectives of Section 9721(b) of the Pennsylvania Sentencing Code could have been achieved without the imposition of such a lengthy sentence." *Anders* Brief at 6. We find this claim does not raise a substantial question for our review. *See Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa. Super. 2003) (a bald claim of excessiveness does not raise a substantial question); *Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010) (concluding argument "[t]hat the court refused to weigh the proposed mitigating factors as Appellant wished, absent more, does not raise a substantial question."). In addition, where, as here, the trial court had the benefit of a presentence investigation report, we will presume it was "aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted).[7] Therefore, this claim warrants no relief.

---

[7] Moreover, White's claim has no merit. Simple assault carries an offense gravity score (OGS) of three. White's prior record score was three. N.T., 07/23/15 at 6-7. The standard range sentence for this level of offense is restorative sanctions to 12 months' incarceration. White's sentence was on the higher end of the guidelines; nevertheless, it was still within the standard range. Indeed, as the trial court properly found:

*(Footnote Continued Next Page)*

Consequently, because we agree with counsel's assessment that the appeal is frivolous,[8] we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016

*(Footnote Continued)* _____

Here, this Court considered the Pennsylvania Sentencing Code and accompanying factors, the pre-sentence investigative report, [White]'s absence, and the statement of Christina Davis. N.T. Sentencing, 07/23/15, at 5-7. Despite [White]'s claim to the contrary, he was not subject to an aggregate sentence. Rather, he was sentenced to a term of 11 to 23 months' incarceration for the simple assault charge, which was within the statutory limits and not manifestly excessive. Accordingly, there was no sentencing error and this claim is without merit.

Trial Court Opinion, 11/9/15 at 4.

[8] *See Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).